UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JUKEN WASHINGTON GORDON,

                               Plaintiff,

    v.                                         9:06-CV-0450
                                                      (LEK/DEP)

HARRELL WATTS, Administrator; T.R. CRAIG,
Warden; E. MILLER, Med. Supervisor; and D. SCOTT
DODRILL, Regional Coordinator,

                               Defendants.

---

APPEARANCES:                                     OF COUNSEL:

JUKEN WASHINGTON GORDON
05373-088
Plaintiff *pro se*
FCI Ray Brook
P.O. Box 9007
Ray Brook, NY 12977

HON. GLENN T. SUDDABY                  BARBARA D. COTTRELL, Esq.
United States Attorney                          Ass't U.S. Attorney
Attorney for Defendants
445 Broadway
218 James T. Foley U.S. Courthouse
Albany, NY 12207

LAWRENCE E. KAHN, United States District Judge

## DECISION AND ORDER

      Currently before the Court is a motion from Plaintiff Juken Washington Gordon for an

Order of this Court "directing the U.S. Immigration and Customs Enforcement, to **stay** all

immigration removal operation proceedings" until the pending civil complaint is decided. Dkt.

No. 1 at 1. Defendants oppose the request for a stay of removal as premature, stating that

Plaintiff's removal is not imminent. Dkt. No. 29.

Firstly, Plaintiff's Motion must be denied because the Court has no jurisdiction to stay an Order of removal. On May 11, 2005, Congress enacted the Real ID Act (the "Act"), which became effective that same day. See Real ID Act of 2005, Pub. L. No. 109-13, § 106(b), 119 Stat. 231 (2005). Section 106 of the Act amended 8 U.S.C. § 1252 by adding the following jurisdictional provision:

> (5) Exclusive means of review
>
> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals[1] in accordance with this section shall be the sole and exclusive means of judicial review of an order of removal entered or issued under any provision of this chapter, . . .

8 U.S.C. § 1252(a)(5).

"By depriving district courts of jurisdiction to hear cases challenging final orders of removal, Congress necessarily deprived district courts of jurisdiction to grant stays of removal in such cases. Under INA § 242(b)(3)(B), 8 U.S.C. § 1252(b)(3)(B), the only court that may issue a stay is the court that will issue a 'decision on the petition.'" Rodney v. Gonzalez, No. 05 CV 3407, 2006 WL 73731, *2 (E.D.N.Y. Jan. 10, 2006); see also Munoz v. Gonzalez, No. 05 Civ. 6056, 2005 WL 1644165, *1 (S.D.N.Y. July 11, 2005) (effective May 11, 2005, a district court lacks jurisdiction to stay an order of removal).

Even if the Court had the authority to stay Plaintiff's removal, Plaintiff's Motion must be denied because he has not shown that he is entitled to the requested injunctive relief.

As a preliminary matter, the relief that Plaintiff seeks by way of injunction does not relate

---

[1] The "appropriate court of appeals" is "the court of appeals for the judicial circuit in which the immigration judge completed the proceedings." 8 U.S.C. § 1252(b)(2).

to the allegations contained in the amended complaint, as required. See <u>Williams v. Goord</u>, No. 05-CV-247, 2007 WL 703202, at *2 (N.D.N.Y. Mar. 2, 2007) (Scullin, S.J.) (slip copy); <u>Allen v. Brown</u>, No. 96-CV-1599, 1998 WL 214418, *4 (N.D.N.Y. Apr. 28, 1998) (Pooler, J.) (not reported).  More importantly, Plaintiff seeks injunctive relief binding a non-party to the action, which is forbidden by FED. R. CIV. P. 65(d).

In his Complaint, Plaintiff alleges that, while he was incarcerated at the Federal Correctional Institution at Ray Brook, New York, Defendants interfered with his right to file grievances and denied him medical care in deliberate indifference to his serious medical needs. Dkt. No. 1.  In his motion for injunctive relief, Plaintiff, for the first time, seeks a stay of his removal from this country so that he may continue to prosecute this action.  Dkt. No. 28. Clearly, the allegations that form the basis for Plaintiff's current motion are not related to the allegations contained in his Complaint.

Wherefore, it is hereby

**ORDERED**, that Plaintiff's request for a stay of removal (Dkt. No. 28) is **DENIED** with prejudice; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   March 17, 2008
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge