IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

JUKEN WASHINGTON GORDON,

                Plaintiff,

                                              Civ. Action No.
   vs.                                     9:06-CV-450 (LEK/DEP)

HARRELL WATTS, *et al.*,

                Defendants.

_____

APPEARANCES:                              OF COUNSEL:

FOR PLAINTIFF:

**[last known address**]
JUKEN WASHINGTON GORDON
*Plaintiff, pro se*
395 Fountain Avenue
Apt. 1F
Brooklyn, New York 11208

FOR DEFENDANTS:

HON. ANDREW BAXTER             BARBARA COTTRELL, ESQ.
Acting United States Attorney      Assistant U.S. Attorney
Northern District of New York
218 James T. Foley U.S. Courthouse
445 Broadway
Albany, New York 12207

REPORT AND RECOMMENDATION

     This civil rights action was commenced by the plaintiff, who at the

time was incarcerated at the Ray Brook Federal Correctional Facility ("FCI Ray Brook") located in Ray Brook, New York, on April 10, 2006. (Dkt. No. 1). In an initial filing order, dated June 29, 2006, the court notified the plaintiff, who is proceeding *pro se*, of his obligation to keep the court advised of any change in address so that the court and defendants' counsel can communicate with him. See Dkt. No. 5 at p. 3.

In August of 2008 Gordon, who according to publicly available records was released from FCI Ray Brook on March 3, 2008 and thereafter transported to the Buffalo Federal Detention Center, apparently in light of efforts by the Department of Homeland Security to effectuate his removal, Dkt. No. 36, advised the court to forward all legal mail to his wife, Son-Ja Wilson, providing an address in Brooklyn, New York. See Dkt. Nos. 38-39. A receipt acknowledging a partial payment by plaintiff of the filing fee in this action, was mailed last month to plaintiff at the address given for his wife, but was returned to the court on January 26, 2009 as undeliverable, with the notation -"insufficient address, unable to forward." See Dkt. No. 42.

In an effort to determine plaintiff's circumstances the court contacted immigration authorities, and was advised that Gordon was deported to

Jamaica sometime in August of 2008. Despite this change of circumstances, plaintiff has failed to notify the court and defendants' counsel of his new address, and neither the court nor defendants' counsel is any longer able to communicate with him.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute an action or comply with any order of the court. *Link v. Wabash R.R. County Independent Sch. Dist.*, 370 U.S. 626, 629-30, 82 S. Ct. 1386, 1388 (1962). This power to dismiss may be exercised when necessary to achieve orderly and expeditious disposition of cases. *See Freeman v. Lundrigan*, No. 95-CV-1190, 1996 WL 481534, at *1 (N.D.N.Y., Aug. 22, 1996) (Pooler, J.) (citing *Rodriguez v. Walsh*, No. 92-Civ-3398, 1994 WL 9688, at *1 (S.D.N.Y., Jan. 14, 1994) (other citations omitted)).

Under this court's rules, an unrepresented litigant is under a duty to inform the court of any address changes. As then-District Judge Pooler noted with respect to this important requirement,

> [i]t is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is

> manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.

*Dansby v. Albany County Corr. Facility Staff*, No. 95-CV-1525, 1996 WL 172699, at *1 (Apr. 10, 1996) (quoting *Perkins v. King*, No. 84-3310, slip op. at 4 (5th Cir. May 19, 1985) (other citations omitted)); *see generally* N.D.N.Y.L.R. 41.2(b).  Plaintiff was specifically reminded of this obligation by order dated June 29, 2006, advising that he was required to promptly notify the clerk's office of any change in his address, and that his failure to do so would result in the dismissal of the action.  *See* Dkt. No. 5 at page 3.

     The decision of whether to order dismissal for failure to comply with an order of the court and/or for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure is informed by five relevant factors, including (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to

be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal. *See Shannon v. Gen. Elect. Co.*, 186 F.3d 186, 193 (2d Cir. 1999) (failure to prosecute action) (citation and internal quotation marks omitted); *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (failure to comply with order of court) (citations omitted). I have carefully evaluated these factors, and find that they weigh decidedly in favor of dismissal.

Although the court has no way of knowing for certain how long it has been since his wife moved from the Brooklyn, New York address provided to the court in August of 2008, it is readily apparent that plaintiff was removed to Jamaica more than six months ago, yet has failed to notify the court of his current address. The record reflects that plaintiff was plainly placed on notice of the requirement that he advise the court of any change of address, and it is undeniable that further delay in this action, which has already been pending for nearly three years, will result in prejudice to the defendants including through faded memories and the potential for loss of evidence. Another factor to be considered is the court's interest in managing its docket and insuring that cases are promptly and efficiently disposed of, something which cannot be accommodated in the case,

given the current situation. Finally, the court is unable to discern any less drastic sanction in light of its inability to communicate with either the plaintiff or his wife. Under these circumstances, I conclude that the relevant factors warrant dismissal of plaintiff's complaint. It is therefore hereby

RECOMMENDED, that this action be DISMISSED based upon plaintiff's failure to prosecute and to comply with this court's orders and local rules of practice, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Northern District of New York Local Rule 41.2(b); and it is further

RECOMMENDED, that if this report and recommendation is accepted, then the clerk of this court is directed to forward a copy of the dismissal order to the Clerk of the Second Circuit Court of Appeals, where plaintiff currently has an appeal pending.[1]

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge

---

[1] Plaintiff filed a notice of interlocutory appeal to the Second Circuit from an order denying his application for appointment of counsel to represent him in this action, *pro bono*. *See* Dkt. No. 33. The pendency of that appeal, which in all likelihood eventually will be dismissed for lack of appellate jurisdiction, poses no barrier to this court's *sua sponte* dismissal of plaintiff's action based upon his failure to provide the court with information regarding his current address. *Cf. Marrese v. American Academy of Orthopedic Surgeons*, 470 U.S. 373, 389, 105 S. Ct. 1327, 1331 (1985) (pendency of appeal from contempt judgment did not prevent district court from ruling on motion to dismiss and certifying denial of that motion for immediate appeal).

written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court within TEN days of service of this report. FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P.  6(a), 6(d), 72; *Roldan v. Racette,* 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this Report and Recommendation upon the parties in accordance with this court's local rules.

Dated:     February 27, 2009
           Syracuse, New York

_____
David E. Peebles
U.S. Magistrate Judge